IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENDALL TRENT BROWN,**

                **Petitioner,**

    v.                                      CASE NO. 08-3264-SAC

**GLEN KOCHANOWSKI, et al.,**

                **Respondents.**

**O R D E R**

    This matter is before the court on a "Fast Track" petition for writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a pretrial detainee confined in the Saline County Jail in Salina, Kansas. Petitioner did not pay the $5.00 district court filing fee required under 28 U.S.C. § 1914(a), and does not seek leave to proceed in forma pauperis without prepayment of that fee as provided in 28 U.S.C. § 1915. The court grants petitioner additional time to satisfy one of these statutory requirements.

    The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That statute further directs the federal court to review a petitioner's claims and to direct respondents "to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto." Id. Having reviewed petitioner's sparse allegations, the court finds the petition is subject to being summarily dismissed without prejudice.

Petitioner contends he is being denied his rights under the Kansas Constitution and Kansas statutes to a fast and speedy trial. These alleged violations of state law provide no basis for federal habeas corpus relief.  *See* Estelle v. McGuire, 502 U.S. 62, 67 (1991) (federal habeas relief is only available for violations of federal law; federal habeas review "does not lie for errors of state law")(*quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

Even if the pro se application could be liberally construed as also alleging the denial of petitioner's right under the Sixth and Fourteenth Amendments to a speedy trial, petitioner's recognized federal remedy is through habeas corpus only after full exhaustion of available state court remedies.  *See* Preiser v. Rodriguez, 411 U.S. 475 (1973); Duncan v. Gunter, 15 F.3d 989, 991 (10th Cir. 1994).  In Younger v. Harris, 401 U.S. 37, 43 (1971), the Supreme Court held that federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit.  The Younger abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). *See also* Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993)(pretrial habeas petitioner alleging a violation of his speedy trial rights must first satisfy the exhaustion requirement that applies to actions brought pursuant to 28 U.S.C. § 2241).

The court finds nothing to suggest petitioner has exhausted the remedies available to him in the state courts for seeking relief on a federal speedy trial claim, and petitioner identifies no circumstances that might warrant this court's intervention in

2

petitioner's state court action(s). The court thus finds <u>Younger</u> abstention is appropriate in this matter, and finds no exception to <u>Younger</u> abstention is evident on the face of petitioner's pleadings.[1]

Accordingly, the court directs petitioner to show cause why the instant petition should not be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to submit the $5.00 district court filing fee OR to submit an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice for the reasons stated by the court.

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 6th day of November 2008 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] *See* <u>Younger</u>, 401 U.S. at 53-54 (limited exceptions to abstention include bad faith or harassment involving irreparable injury and unusual circumstances).

3